```
           THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| **JOSE IGNACIO RODRIGO FERNANDEZ**<br>      Plaintiff,<br>           v.<br>**SPAIN**<br>      Defendant. | Civil Case. NO. 13-1911(PG) |

## OPINION AND ORDER

The plaintiff, Jose Ignacio Rodrigo Fernandez ("Rodrigo"), is a Spanish national who claims that his motherland has "consciously and wantonly" (Docket No. 1 at page 1) violated his rights in the prosecution of a criminal case related to embezzlement of public funds dating back to the early 90's. From what the Court can gather upon review of his pleading, Rodrigo asserts that despite graduating Magna Cum Laude from the University of Puerto Rico School of Law and passing the Puerto Rico Bar Exam in March of 2010, he was not allowed to complete the admission process into the Puerto Rico Bar and was forbidden from entering the United States for over a year because of his outstanding legal disputes in Spain. Mr. Rodrigo avers that he was also ordered to pay a fine of €3,716,868.10, roughly equivalent to $5,125,561.10, as means of restitution. The plaintiff seeks damages against Spain of over ten million dollars.

For the reasons discussed below, we **DISMISS** the Complaint *sua sponte* because this Court lacks jurisdiction to entertain the present action.

### I.   STANDARD OF REVIEW AND ANALYSIS

The plaintiff claims that jurisdiction is this case is premised on the Alien Tort Statute, 28 U.S.C. § 1350 (hereinafter the "ATS"). The ATS provides, in full, that "[t]he district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." See 28 U.S.C. § 1350. According to the plaintiff, the defendant violated the law of nations as well as several multilateral treaties such as the

International Covenant on Civil and Political Rights ("ICCPR") (Docket No. 1 at page 1).

However, this court need not dwell on the intricacies of a statute that has been called a "legal Lohengrin," since "no one seems to know whence it came," Sosa v. Alvarez-Machain, 542 U.S. 692, 712 (2004)(citing Judge Friendly's expressions in IIT v. Vencap, Ltd., 519 F.2d 1001, 1015 (2d Cir. 1975)). At any rate, the Supreme Court has made clear that "the sole basis for obtaining jurisdiction over a foreign state" in the courts of the United States is the Foreign Sovereign Immunities Act of 1976 ("FSIA"). See Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 434 (1989).

Signed into law by President Gerald Ford in 1976 the FSIA establishes the limitations as to whether a foreign sovereign (or its political subdivisions, agencies, or instrumentalities) may be sued in U.S. courts. The FSIA provides that "[s]ubject to existing international agreements to which the United States [was] a party at the time of the enactment of this Act a foreign state shall be immune from the jurisdiction" of the courts of the United States and the state courts, except if one of the exceptions found at 28 U.S.C. §§ 1605-1607 is present. See 28 U.S.C. § 1604. Furthermore, the statute provides in 28 U.S.C. § 1330(a) that "[t]he district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state ... as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity" under §§ 1605-1607 or any applicable international agreement.

The sole defendant in this case is a foreign state and thus, the action falls squarely within the boundaries of the FSIA. We have reviewed the complaint carefully and find that none of the exceptions enumerated §§ 1605-1607 applies to the facts of this case.

At the pleading stage, an order of dismissal for lack of subject matter jurisdiction "is appropriate only when the facts alleged in the complaint, taken as true, do not justify the exercise of subject matter jurisdiction." See Sanchez ex rel. D.R.-S. v. U.S., 671 F.3d 86, (1st Cir. 2012) (citing Muñiz-Rivera v. United States, 326 F.3d 8, 11 (1st Cir. 2003)).

In assessing whether the plaintiff has put forward an adequate

basis for jurisdiction, "the court must credit the plaintiff's well-pleaded factual allegations (usually taken from the complaint, but sometimes augmented by an explanatory affidavit or other repository of uncontested facts), draw all reasonable inferences from them in [the plaintiff's] favor, and dispose of the challenge accordingly." See Valentín v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001)(internal citations omitted).

The District Court may *sua sponte* dismiss a claim pursuant to Rule 12(b)(6) without notice where it is "patently obvious" that the plaintiff cannot possibly prevail based on the facts alleged in the complaint. See Rollins v. Wackenhut Services, 703 F.3d 122 (D.C. Cir. 2012)(citing Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990)).

Even if we take as true the facts alleged in the complaint, the plaintiff has not plead sufficient facts to establish that his claims fall under one of the exceptions found in §§ 1605-1607. The only provision for tort claims in the FSIA, where the foreign sovereign has not waived immunity, requires that the tortious act or omission causes "personal injury or death, or damage to or loss of property" and takes place in the United States. See 28 U.S.C. § 1605(5).

Without reaching the question of whether Mr. Rodrigo can single-handedly reform the Spanish criminal system through the procedural avenue he has chosen, it is undeniable that the legal proceedings that lie at the heart of this action took place outside the United States. The FSIA exception for noncommercial torts found at § 1605(a)(5) is thus unavailable to the plaintiff, as are all the other exceptions. We therefore find that Mr. Rodrigo's suit is barred by the FSIA and should be dismissed.

## II. CONCLUSION

In light of aforementioned, this Court hereby **DISMISSES** the plaintiff's action **WITHOUT PREJUDICE**. Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, May 6, 2014.

                                               **S/ JUAN M. PÉREZ-GIMÉNEZ**
                                               **JUAN M. PÉREZ-GIMÉNEZ**
                                               **UNITED STATES DISTRICT JUDGE**